<hr />

### LEWIS VAN LEUVEN v. AKERS MOTOR LINES, INC., A CORPORATION.

#### (Filed 28 March, 1962.)

**Appeal and Error § 39—**

> Where the Justices are equally divided in opinion, one Justice not participating, the order of the Superior Court appealed from will be affirmed, without becoming a precedent.

SHARP, J., took no part in the consideration or decision of this case.

PLAINTIFF's appeal from *Patton, J.,* August 14, 1961, "B" Regular Civil Term, MECKLENBURG Superior Court.

According to the allegations and evidence, the plaintiff owns a house and lot on Little Rock Road, a State highway in Mecklenburg County. The lot, which is 115 feet in width, is subject to a highway easement extending 30 feet from the center of the highway. The right of way covers the hard surface, the shoulder, and the ditch line of the highway for the width of plaintiff's lot. The plaintiff installed a pipe or culvert to carry surface drainage along the ditch line and constructed a fill over the pipe for entrance and exit purposes between the house and the highway.

The defendant is a corporation engaged in freight transportation by motor trucks. In connection with its business it has constructed terminal facilities at a cost of $840,000 near the plaintiff's house. The operation of the terminal requires sewer facilities. The defendant obtained permission from, and approval of, the State Highway & Public Works Commission and the Public Health Service to lay a small sewer line underground along the shoulders of the highway from the terminal to a disposal plant already in operation. Plaintiff's lot is in the line. After the defendant began installing the line, the plaintiff instituted this action for a permanent order restraining the installation through his

lot. Judge Clarkson issued a temporary order which, upon hearing, was dissolved. After motions and hearing, the plaintiff was allowed to amend his complaint which he did by alleging the line actually had been constructed through his frontage without his authority and over his objection. He demanded a mandatory order requiring the defendant to remove the line. He did not request damages. After hearing, Judge Patton sustained a demurrer to the evidence and dismissed the action. From the order to that effect, the plaintiff appealed.

*Parker Whedon for plaintiff appellant.*
*L. B. Hollowell, Helms, Mulliss, McMillan & Johnston, By Fred B. Helms for defendant appellee.*

PER CURIAM.    The Justices participating are equally divided on the question whether the mandatory order should be issued compelling the defendant to remove the sewer line already installed on the plaintiff's lot. Therefore, the decision of the Superior Court denying the mandatory injunction is affirmed without the decision becoming a precedent. *Sharp, J.,* while Superior Court Judge, heard a preliminary motion in this proceeding, and for that reason does not participate in this decision.
Affirmed.